IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA LEE PAUL, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 4:16CV00791-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Christina Paul, has appealed the final decision of the Commissioner[1] of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*,

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d) (1).

3 F.3d 1210, 1213 (8th Cir. 1993).  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is young – she was only thirty-four years old at the time of the administrative hearing.  (Tr. 150.)  She is a high school graduate and attended some college.  (*Id*.)  She has past relevant work as a retail sales clerk, hotel maid, and night auditor.  (Tr. 126.)

The Administrative Law Judge[2] (ALJ) found Ms. Paul had not engaged in substantial gainful activity from the date of her alleged onset date through the date of her last insured status. (Tr. 117.)  She has "severe" impairments in the form of "diabetes with neuropathy, residual of right knee surgery, obesity, lumbar radiculopathy, bipolar disorder, posttraumatic stress disorder, and borderline personality disorder."  (*Id.*)  The ALJ further found Ms. Paul did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3]  (Tr. 118-119.)

The ALJ determined Ms. Paul had the residual functional capacity to perform a slightly reduced range of sedentary work given her mental and physical impairments.  (Tr. 119.)  The ALJ determined Ms. Paul could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments.

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

(Tr. 167-175.)  Based on the testimony of the vocational expert, the ALJ determined she could perform the jobs of tile inspector and charge account clerk - despite her impairments.  (Tr. 127.)  Accordingly, the ALJ determined Ms. Paul was not disabled.  (Tr. *Id.*)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making her decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 1.)

In support of her Complaint, Plaintiff says the ALJ's decision is not supported by substantial evidence and that the record is incomplete.  (Doc. No. 11 at 6-7.)  I find Plaintiff's arguments are without merit.

Plaintiff has been treated for numerous issues.  However a close review of Plaintiff's treatment records fails to reveal any disabling impairment.  While Ms. Paul clearly suffers from some degree of pain and limitation, the objective medical records simply fail to support a claim of *complete disability*.  Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

As the Commissioner points out, Clarence Ballard, M.D. and Janet Cathey, M.D., reviewed the medical evidence in this case and determined that Plaintiff retained the physical residual functional capacity for light work.  (Tr. 190-192, 214-216.)   And Jerry R. Henderson, Ph.D.,

reviewed the medical records and concluded Plaintiff had the mental residual functional capacity to "perform work where interpersonal contact is incidental to work performed . . . complexity of tasks is learned and performed by rote, few variables, little judgment. . ." (Tr. 218.)  In addition, Shannon D. Parsons, Psy.D. performed two mental diagnostic evaluations of Plaintiff, and both times concluded she was capable of performing work related activities.  (Tr. 460-65, 669-674.)  Accordingly, this evidence alone substantial supports the ALJ's decision.

Plaintiff's most compelling evidence is the physical residual functional capacity questionnaire from Chrystal Johnson, M.D.  (Tr. 831-835.)  Dr. Johnson identified that Plaintiff had substantial physical limitations that would likely render Ms. Paul disabled.  (*Id.*)  The ALJ stated, ". . . Dr. Johnson's opinion is afforded little weight, as it is not supported by the evidence, is conclusory, and the issue of disability is one reserved to the Commissioner." (Tr. 125.)  After reviewing Dr. Johnson's questionnaire along with her treatment notes, I agree that her opinions are not supported by the evidence.  (Tr. 719-740.)  While Dr. Johnson's notes do indicate Plaintiff has a number of medical issues, they simply fail to support limitation to the degree reported in the questionnaire.  Accordingly, the ALJ could rightly discount Dr. Johnson's opinions.

Plaintiff has advanced other arguments which I have considered and find to be without merit.  It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

4

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 15th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE